IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ROBERT WILLIAM SMITH and ) | Case No. 04-61134 |
| VIRGINIA DIANE SMITH, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| FRED CHARLES MOON, ) | Adversary No. 04-6076 |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT WILLIAM SMITH and ) | |
| VIRGINIA DIANE SMITH, ) | |
| ) | |
| and ) | |
| ) | |
| ROBERT SMITH INSURANCE ) | |
| AGENCY, INC. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The Chapter 7 trustee filed this adversary proceeding seeking turnover of insurance renewals earned prepetition and received postpetition by debtor Robert William Smith. The trustee also asks this Court for a declaratory judgment that all future renewal service fees are property of the estate. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule

7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that any renewal service fees related to life insurance, universal life insurance, and annuities received since the bankruptcy petition was filed are property of the estate and must be turned over to the Chapter 7 trustee. Any renewal service fees related to automobile insurance, personal umbrella insurance, health insurance, and commercial insurance require Mr. Smith's continuing efforts to keep the policies in effect. They, therefore, are not property of the estate.

## FACTUAL BACKGROUND

On March 14, 1996, Robert W. Smith executed an agreement with American Family Insurance Company captioned AMERICAN FAMILY AGENT AGREEMENT entered into separately by and between AMERICAN FAMILY MUTUAL INSURANCE COMPANY, AMERICAN FAMILY LIFE INSURANCE COMPANY, AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN (the Agreement). On or about January 2, 2003, Mr. Smith formed the Robert Smith Insurance Agency, Inc. (the Agency) at a separate address. He did not, however, assign his right to renewal service fees to the Agency. On April 30, 2004, Mr. and Mrs. Smith filed a Chapter 7 bankruptcy petition. By that time Mr. Smith had 1,150 outstanding policies for which he received some form of renewal service fees. It is undisputed that he received postpetition the sum of $5,352.71 for renewal service fees for the period ending April 30, 2004, the date of the petition. He had earned approximately $40,000 more in renewal service fees between April 30, 2004, and November 10, 2004, the date the Chapter 7 trustee filed this adversary proceeding. The trustee claims

the insurance renewals are property of the bankruptcy estate. He seeks turnover of the funds the defendants have already received, or alternatively, a finding that Mr. and Mrs. Smith converted property of the estate. In addition, the trustee asks for a declaratory judgment from this Court that all future renewals are property of the bankruptcy estate. On January 26, 2005, this Court held a trial, which was terminated in order to allow the parties to attempt to reach a settlement and to submit post-trial briefs. The parties were unable to reach a settlement, however, and neither brief addressed the specific issue of whether renewal service fees earned prepetition are property of the estate. On April 21, 2005, therefore, the trial was resumed.

## DISCUSSION

The filing of a bankruptcy petition creates an estate that is comprised of any property, wherever located, in which a debtor holds a legal or equitable interest.

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.[1]

Since Mr. Smith held a legal interest in $5,352.71, the total of the renewal service fees that were due him on the petition date, that account receivable became an asset of the estate. Those funds, which were received, deposited into the account of the Agency, and later spent

---

[1] 11 U.S.C. § 541(a)(1).

3

by Mr. and Mrs. Smith, must be turned over to the trustee. As to the renewal service fees due from policies in effect on the petition date, which were or may be renewed postpetition, however, the issue is not so simple. Section 541(a)(6) of the Code includes in the estate the proceeds or profits from property of the estate except to the extent the proceeds or profits result from services performed by the debtor postpetition:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates as estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> . . .
>
> (6) Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.[2]

On the petition date, the right to receive renewal service fees, if the policies are renewed, constitutes property of the estate. The issue then is whether such renewals represent "earnings from services performed by an individual debtor after the commencement of the case."

In *Towers v. Wu (In re Wu)*,[3] the debtor sold life insurance and annuity policies. The bankruptcy court held that the renewal commissions represented earnings from post petition services of the debtor, which were not property of the estate. In reversing and remanding, however, the Bankruptcy Appellate Panel for the Ninth Circuit concluded that the issue was

---

[2] 11 U.S.C. § 541(a)(6).

[3] 173 B.R. 411 (B.A.P. 9th Cir. 1994).

the extent to which the commissions are attributable to postpetition services provided by the debtor.[4]

Some cases hold that the issue is whether the debtor is obligated, under his contract with the insurance company, to provide ongoing services in order to be entitled to the renewal service fees.[5] Here, Mr. Smith is not, but that alone should not be determinative. The issue is whether, in the absence of Mr. Smith providing services on a continuing basis, the policies would be renewed. At the resumed trial, Mr. Smith testified that he performs little service to life insurance policy holders. He stated that once the policy is written, there are rarely any changes other than changes of beneficiary and change of ownership. While he sometimes performs those services, American Family often does so as well. In other words, once a customer purchases a life insurance policy, the decision to continue that policy each year is not dependent on any services provided by the agent.

Mr. Smith testified, however, that automobile insurance policy holders require constant attention. Customers must renew this insurance each year. They must contact the Agency if they purchase a new car, if they are involved in an accident, if their child reaches driving age, if anyone in the family is cited for driving under the influence of alcohol, if they decide to refinance the car, if they have questions regarding the cost to insure a car they are

---

[4] *Id.* at 414-415.

[5] *See, e.g., Yoppolo v. Golde (In re Golde)*, 253 B.R. 843, 845 (Bankr. N.D. Ohio); *In re Blackerby*, 208 B.R. 136, 143 (Bankr. E.D. Penn. 1997); *Towers v. Wu (In re Wu)*, 173 B.R. 411, 416 (B.A.P. 9th Cir. 1994); *Movitz v. Palmer (In re Palmer)*, 167 B.R. 579, 585 (Bankr. D. Ariz. 1994).

considering buying, and if they disagree with the values proposed by the adjustor assigned to them. Likewise, with homeowners insurance, the Agency must write the policy, follow up if the homeowner decides to refinance the home, evaluate each home on a regular basis to update the replacement value, and visit each property on a regular basis to check for vicious animals, needed general repairs, or a lack of owner pride. Homeowners contact the agency if they add a security system, a swimming pool, or a fence, and the policy must be adjusted accordingly. The agency is responsible for determining if American Family will continue coverage, increase coverage, decrease coverage, or cancel a homeowner's policy. Mr. Smith also testified that he must issue certificates of insurance to his commercial policy holders each year because they must provide these same certificates to their contractors. The commercial policyholder must perform an audit each term to determine if their insurance needs are adequately covered, and the Agency assists with that audit.

Thus, the issue of whether insurance renewals are property of the estate depends upon the type of insurance involved. Mr. Smith candidly testified that he need do little work to retain renewal service fees for life insurance. To the extent, therefore, that any postpetition renewal service fees received by Mr. Smith result from life or universal life annuity policies in force as of the date of the petition, such renewal service fees are property of the estate. To the extent the funds have been received and spent by the defendants, the trustee is entitled to a judgment in that amount against them. The trustee is also entitled to an Order directing the insurance companies involved to pay future renewal service fees on such policies to him.

As to the other lines of insurance, however, Mr. Smith's personal services are, as a

practical matter, necessary if the policy is to be renewed. Without his services, customers would take their business elsewhere. And, while he does have one full-time employee who sometimes deals with the customers,[6] it is due to his efforts and relationship with the customers that the renewal service fees are earned.[7]

Within ten days, the parties should submit, consistent with this Memorandum Opinion, either an Order directing judgment in favor of the trustee and against the defendants in an agreed amount, or separate proposed Orders. Such Order should also contain appropriate instructions to the insurance companies as to the future renewal service fees.

An Order in accordance with this Memorandum Opinion will be entered.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: April 27, 2005

---

[6] Mr. Smith employed one full-time and one part-time employee on the petition date. He testified, however, that he now employs only the full-time employee.

[7] *Compare, In re Parsons*, 262 B.R. 475, 481 (B.A.P. 8th Cir. 2001), *affirmed*, 280 F.3d 1185 (8th Cir. 2002) (holding that where real estate commissions were earned due to the efforts of a "team," including the debtor, the entire commission would not be attributable to the efforts of the debtor).